IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JACOB HOWELL,** | : | CIVIL NO. 1:12-CV-2341 |
| Petitioner | : | |
| v. | : | **(Judge Rambo)** |
| **J. CASTANEDA,** | : | **(Magistrate Judge Carlson)** |
| Respondent | : | |

# **M E M O R A N D U M**

Before the court is a report and recommendation of the magistrate judge in which he recommends that Petitioner Jacob Howell's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 be granted. The Respondent has filed objections to the report and recommendation to which Howell has responded. the matter is ripe for resolution. For the reasons set forth below, this court will reject the report and recommendation of the magistrate judge.

## **I.     Background**

On or about April 13, 2012, a Bureau of Prisons officer discovered two metal weapons in Howell's prison cell which was also occupied by another inmate. An incident report was filed and a Disciplinary Hearing Officer (DHO) heard the case on May 2, 2012. At the hearing, Howell's defense is purportedly as follows:

> The report is false. It's got to be false. I'm not looking to do nothing. I just moved there the night before. I was in the common area for nine months. I understand I'm responsible for what's in the cell. My cellmate said he cleaned the cell. If it was mine, I'd take responsibility for it.

(Doc. 5, Ex. G.)  Thereafter, the DHO concluded that Howell was guilty of possessing a weapon based on the constructive possession theory.

On November 23, 2012, Howell filed a petition for writ of habeas corpus challenging this finding.  His allegations are that his due process rights were violated during the disciplinary hearing for the following reasons:

(1) the DHO lacked "some evidence" to support the finding that Howell violated code 104, possession of a weapon, when weapons were discovered in his prison cell, . . .

(2) the BOP did not provide Howell with a staff representative . . . ; and

(3) the DHO hearing took place beyond the two-week deadline required by BOP regulations.

(Doc. 1, pp. 3 - 6.)  Respondent filed a response (Doc. 5) and Petitioner filed a traverse (Doc. 6).  The magistrate judge filed his report and recommendation on July 21, 2014 (Doc. 8).

**II.      Discussion**

The report and recommendation addressed only the "some evidence" argument made by Howell.  The magistrate judge opined that a DHO "must either consider potentially exculpatory evidence provided by an inmate or provide an adequate explanation of a refusal to examine potentially exculpatory evidence." (Doc. 8 at p. 1.)  The magistrate judge further opined that "due process is not satisfied . . . if a DHO engages in a wholly unexplained failure to examine or consider such exculpatory evidence." (*Id*.)  The magistrate judge suggests that the exculpatory evidence that should have been considered is (a) Howell had been moved from general population into a cell the night before the morning of the cell

search; (b) the cell had not been searched prior to his move into the cell; and (c) the cell was occupied by another inmate.

The DHO found Howell guilty based on that part of his statement in which he acknowledged that he is responsible for what is in his cell. This is not a confession as the DHO opined. Howell continued to deny culpability.

The cases of *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974), and *Meyers v. Alldredge*, 492 F.2d 296, 305-07 (3d Cir. 1974), recognize that prisoners in disciplinary proceedings have the right to present evidence in a defense. The decision of the DHO must be based on facts presented and, if there is conflicting evidence, it must be based on the greater weight of the evidence. 28 C.F.R. § 541.17(f). The record of the hearing must document the evidence relied on by the DHO. 28 C.F.R. § 541.8(h)(2).

The magistrate judge opined that the DHO failed to provide an adequate explanation for refusing the consider Howell's exculpatory evidence and relied only on that fact that, since Howell occupied a cell in which he could be responsible for its contents, he was in constructive possession of the contraband and therefore guilty of the charge. The magistrate judge cites to *Ponte v. Real*, 471 U.S. 491, 497 (1984) for the proposition that prison officials may not arbitrarily refuse to consider exculpatory evidence. The precise quote is:

> . . . that prison officials may be required to explain, in a limited manner, the reason why witnesses were not allowed to testify, but that they may do so either by making the explanation a part of the "administrative record" in the disciplinary proceeding, or by presenting testimony in court if the deprivation of a "liberty" interest is challenged because of that claimed defect in the hearing. In other words, the prison officials may choose to explain their decision at the hearing, or they may choose to explain it "later."

The court in *Piggie v. McBride*, 277 F.3d 922 (7th Cir. 2002), cites to *Ponte v. Real*, *supra*, but inserts the phrase "or potentially exculpatory evidence" that does not appear in *Ponte*. Furthermore, the *Ponte* case involved the failure to call witnesses which an inmate requested. One of the due process requirements set forth in *Wolff v. McDonnel*, *supra*, is the right to call witnesses. *Ponte* addressed only this issue.

This court does not accept Respondent's assertion that Howell's testimony lacks exculpatory quality; that his statement is a confession; or that requiring a DHO to address exculpatory evidence presents a "novel obligation" upon the DHO. (Doc. 8, p. 13 n.5.) However, the DHO's reliance on "constructive possession" is "some evidence" which meets the requirements of 28 C.F.R. 541.8(f).

### III.     Conclusion

For the foregoing reasons, the report and recommendation of the magistrate judge will be rejected. This matter will be remanded to the magistrate judge as to Howell's remaining two issues. An appropriate order will be issued.

s/Sylvia H. Rambo<br>United States District Judge

Dated: October 1, 2014.